Circuit Court of Cuyahoga County.

CATHERINE WICKENDRAEGER v. JOHN C. HEMMETER.

Decided, December 3, 1900.

*Guardian and Ward—When Action may be Brought for Error in Final
Account.*

Where a guardian is appointed to administer a fund in which two
minor wards have an equal interest, and in the final account of
such guardian it appears that one of the wards has been paid her
half of the fund in full while all the costs of the guardianship
were deducted from the share of the other ward, such manifest
error and mistake as to the second ward is shown as to give him
the right to bring an action under favor of Section 6289, Revised
Statutes.

*Wm. H. Beavis* and *H. H. Johnson,* for plaintiff.
*Pinney & Klingman,* contra.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

This is an appeal from the judgment of the court of common
pleas. The facts are that the defendant was guardian of the
estate, by the appointment of the Probate Court of Cuyahoga
County, of the plaintiff and her older sister, Charlotte Wicken-
draeger. This guardianship began on the 13th day of April,
1882, and continued until the plaintiff arrived at full age on the
18th day of July, 1896. In 1897 the plaintiff filed in the probate
court his final account of such guardianship, the account for the
two wards being filed as one account. This account showed the
balance in his hands for this plaintiff was $345.55, and that the
other ward had received payment in full of the amount to which
she was entitled. No exceptions were filed to the account, and
the same was approved by the probate court   No appeal was
taken, but on the 30th day of June, 1898, such date being within
two years of the time when the plaintiff arrived at full age, she
brought this suit under favor of Section 6289 of the Revised
Statutes of Ohio. This section provides that:

"The settlement made in the probate court of the accounts of a guardian shall be final between him and his ward unless an appeal be taken therefrom to the court of common pleas in the manner provided by law, saving, however, to subsequent guardians during the minority of his ward, or to any such ward, at any time within two years after such ward shall arrive at full age, the right of opening and reviewing such settlements for fraud or manifest mistake, by civil action in the court of common pleas of the county in which such settlement was made, or the county where such former guardian may reside when the petition is filed, at the option of the plaintiff in such action."

The petition avers that "there is *manifest error and mistake* in said guardian's final account in that he has retained $250 from the amount due the plaintiff, for his services in his said trust," and "that there is *manifest error and mistake* in the plaintiff's deducting his fees entirely from the moneys remaining in his hands after the satisfaction of said Charlotte Wickendraeger's half of said legacy when she became of full age." Other matters in the final account, as well as in partial accounts previously filed by the guardian, are averred in the petition as being *manifest errors* and *mistakes*.

When the guardianship commenced there was placed in the hands of the guardian, the sum of one thousand dollars belonging to the two wards in equal shares, the same being a legacy bequeathed to them.

Upon hearing it is urged that under the statute above named, if it be found by the court that there are manifest mistakes in any account filed by the guardian, the entire account may be inquired into and all mistakes corrected, whether the same be manifest or not. In short, that the court should, on such hearing, pass upon the accounts of the guardian as fully and completely as though the same had come into court by appeal from the judgment of the probate court.

It is further urged that there are in the accounts of this guardian, mistakes which are "manifest" and other errors in the accounts. It is said that the amount allowed to the guardian as compensation for his services was in excess of the amount which should have been allowed, and that payment for such services

was made to him by the mother of these two wards which was to be accepted as full compensation for such services.

It would seem that the intention of the Legislature in the enactment of the statute, was to provide only for the correction of accounts where no fraud is charged, to the extent that errors or mistakes are "manifest;" that is, they must be such as an examination of the account itself discloses, and unless the accounts filed by this defendant as such guardian, disclose some error or mistake, the petition in this action must be dismissed.

We are of the opinion, however, that there is *manifest error* in the accounts in this: that the guardian kept the accounts of these two wards as a joint account, charging himself for the two jointly with the one thousand dollars which first came into his hands for the two, then with the interest which was received on this money jointly for the two and crediting himself as against the two jointly for all payments made on account of such guardianship and for his services in the performance of his duties as guardian. There can be no doubt that the proper way to have kept his accounts would have been to have charged himself on account of each ward with the sum of five hundred dollars, and then to have taken to himself credit as against each for the payments made and services rendered on behalf of each.

The final account as rendered by the guardian made claim for the credit of $340 for his services as such guardian; of this amount he had been previously allowed the sum of $80.80, so that there was taken out of the funds in his hands as shown by his final account, at that time the sum of $259.20. On the 5th day of December, 1894, the guardian had paid to Charlotte Wickendraeger the sum of $500, she having, at that time, arrived at full age; and this was paid to her as a complete settlement of all to which she was entitled. For this payment the guardian in his final account takes credit, the practical result of which is that the $259.20 allowed in the final account as compensation for the guardian is all taken from the money which would otherwise have been payable to this plaintiff. This error is manifest on the face of the account, and a correction of this manifest error should be made and is made here.

The true account of this ward is found by charging to the guardian upon his first account the sum of $500 of principal and one-half of the two payments of interest made to him upon the filing of his first account, making the full amount to be charged to him on account of this ward at the time when his first account was filed, $550, and crediting him at the date of such amount with $50 paid for the support of the ward.

For the second account the principal is again $500, and one-half of the interest which he charges himself with having received for the two wards is $60, giving him in this account credit for one-half of the payments made by him for the two, the amount of $64.25; this leaves a true balance in his hands of $495.75. Pursuing this course with each of the accounts, it will be found that upon the filing of his final account there would have been due to Catherine, but for the payment of $250 which he had previously paid to her and $17.54, another payment which he had made to her, and $10.99 which he had deposited with the probate court on her account and the allowance of $129.60, being one-half of the $259.20 allowed for services in said final account, the sum of $509.91, deducting from this sum these several payments, to-wit, $250 plus $17.54, plus $10 and said sum of $120.60, there remains due to the plaintiff from the defendant, the sum of $101.76, with interest from the 29th day of September, 1897, when such final account was filed, and for such last-named sum, judgment will be entered for the plaintiff, together with the costs.